NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

AUG 26 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ROSAS-ARROYO, | No. 20-70100 |
| Petitioner, | Agency No. A072-128-281 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 26,2022**
San Francisco, California

Before: HURWITZ and VANDYKE, Circuit Judges, and MOSKOWITZ,***
District Judge. Dissent by Judge VANDYKE.

Jose Rosas-Arroyo, a native and citizen of Peru, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

immigration judge's ("IJ") decision finding him removable. We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D). We review de novo questions of law. *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008). We grant the petition for review and remand.

Rosas-Arroyo was charged with removability because of his convictions under California Penal Code ("CPC") § 136.1(b)(1) and CPC § 289(d)(4). The IJ held that Rosas-Arroyo was removable because his CPC § 136.1(b)(1) conviction was an offense relating to obstruction of justice, his CPC § 289(d)(4) convictions were crimes of violence, and his CPC § 136.1(b)(1) and CPC § 289(d)(4) convictions were crimes involving moral turpitude. On appeal, the BIA held that Rosas-Arroyo was removable because the CPC § 136.1(b)(1) conviction was an offense relating to obstruction of justice under 8 U.S.C. § 1101(a)(43)(S), and thus an aggravated felony. The BIA declined to address whether Rosas-Arroyo's convictions for CPC § 289(d)(4) were aggravated felonies. In *Cordero-Garcia v. Garland*, we recently held that CPC § 136.1(b)(1) is not an aggravated felony under § 1101(a)(43)(S). No. 19-72779, 2022 WL 3350714, at *6 (9th Cir. Aug. 15, 2022). Thus, the charge of removability that Rosas-Arroyo was convicted of an offense relating to obstruction of justice cannot be sustained and his petition must be granted.

We remand to the agency for further proceedings consistent with this order.

*See Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency. If we conclude that the BIA's decision cannot be sustained upon its reasoning, we must remand to allow the agency to decide any issues remaining in the case.").

**PETITION FOR REVIEW GRANTED; REMANDED.**

VANDYKE, Circuit Judge, dissenting.

For the reasons set forth in my dissent in *Cordero-Garcia v. Garland*, No. 19-72779, 2022 WL 3350714 (9th Cir. Aug. 15, 2022), I dissent in this case as well.